FILED
SUPERIOR COURT
OF GUAM

2019 DEC 10 PM 2: 25

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>EMMANUEL MANNY RESELAP and<br>JORDAN SAUL RACHULAP,<br><br>                Defendants. | CRIMINAL CASE NO. CF0322-19<br><br>DECISION AND ORDER |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on renewed motions for judgment of acquittal filed by both defendants. Defendant Emmanuel Manny Reselap is represented by Attorney Samuel Teker, and Defendant Jordan Saul Rachulap is represented by Attorney Gloria Rudolph. The People of Guam ("the Government") are represented by Assistant Attorney General Sean Brown. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order DENYING both Renewed Motions for Judgment of Acquittal.

## BACKGROUND

On August 21, 2019, Jury Selection and Trial began in this matter. At trial, Defendant Emmanuel Manny Reselap ("Reselap") faced the following charges: (1) Attempted Murder (As a First Degree Felony); (2) Aggravated Assault (As a Second Degree Felony); (3) Aggravated Assault (As a Third Degree Felony); (4) Terrorizing (As a Third Degree Felony) – 4 Counts; (5) Criminal Mischief (As a Third Degree Felony) – 4 Counts; and (6) Family Violence (As a

Misdemeanor). (Indictment, Jun. 13, 2019). Each of the felony charges also had an attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. *Id.* Defendant Jordan Saul Rachulap ("Rachulap") faced the following charges: (1) Terrorizing (As a Third Degree Felony) – 7 Counts; (2) Criminal Mischief (As a Third Degree Felony) – 7 Counts; (3) Aggravated Assault (As a Third Degree Felony); and (4) Assault (As a Misdemeanor). *Id.* Each felony charge against Defendant Rachulap also had an attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. *Id.*

After the close of the Government's case in chief, the Court granted Defendant Reselap's oral motion for a judgment of acquittal as to the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony attached to Charge Four, Count Three; Charge Four – Count Four of Terrorizing (As a Third Degree Felony) and attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony attached to Charge Five, Count Three; and Charge Five – Count Four of Criminal Mischief (As a Third Degree Felony) and attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony.

The Court granted Defendant Rachulap's oral motion for a judgment of acquittal as to Charge Seven – Counts One, Two, Four, and Six of Terrorizing (As a Third Degree Felony), and attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; Charge Eight – Counts One, Two, and Three of Criminal Mischief (As a Third Degree Felony), and attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; Charge Nine of Aggravated Assault (As a Third Degree Felony), and attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; and Charge Ten of Assault (As a Misdemeanor).

The remaining charges went to the jury and after several days of deliberation, the jury found Defendant Reselap guilty of Charge Three of Aggravated Assault (As a Third Degree Felony), along with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; Charge Four - Counts One and Two of Terrorizing (As a Third

Degree Felony), along with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony to each count; Charge Five – Counts One and Two of Criminal Mischief (As a Third Degree Felony), along with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; and Charge Six of Family Violence (As a Misdemeanor). The jury acquitted Reselap of Charge One of Attempted Murder (As a First Degree Felony); Charge Four – Count Three of Terrorizing (As a Third Degree Felony); and Charge Five – Count Three of Criminal Mischief (As a Third Degree Felony). The jury was unable render a verdict on Charge Two of Aggravated Assault (As a Second Degree Felony). The jury found Defendant Rachulap guilty of Charge Seven of Terrorizing (As a Third Degree Felony) – Counts Two and Three, along with the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony attached to each count; Charge Eight of Criminal Mischief (As a Third Degree Felony) – Counts One and Three, along with the Special Allegation: Possession or Use of a Deadly Weapon attached to each count. The jury acquitted Rachulap of Charge Seven – Count One of Terrorizing (As a Third Degree Felony) along with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; and Charge Eight – Counts Two and Four of Criminal Mischief (As a Third Degree Felony), along with the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony attached to each count.

On September 17, 2019, Defendant Rachulap filed a Renewed Motion for Judgment of Acquittal. On September 24, 2019, the Government filed its Opposition. No Reply was filed.

On September 27, 2019, Defendant Reselap filed his Renewed Motion for Judgment of Acquittal. On October 11, 2019, the Government filed its Opposition. No Reply was filed.

On October 16, 2019, the Court placed both motions under advisement pursuant to Superior Court of Guam Local Rule 7.1(e).

## DISCUSSION

Under Guam law, the Court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment . . . if the evidence is insufficient to sustain a conviction of such offense or offenses." 8 G.C.A. § 100.10. The Court is to examine whether

"the evidence presented at trial in the light most favorable to the People . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Song*, 2012 Guam 21 ¶ 27. *See also People v. Quinata,* 1999 Guam 6 ¶ 9. The Court "is concerned with the existence or nonexistence of evidence, not its weight." *Song*, 2012 Guam 21 ¶ 29. Accordingly, the Court "should grant a motion for judgment of acquittal when the evidence merely raises a suspicion that the accused is guilty. However, if there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, . . . the case was properly submitted to the jury." *Id.* (internal citation and quotation marks omitted). The Court will address the defendants' motions separately.

## I. Defendant Reselap's Motion for Judgment of Acquittal

Defendant Reselap first moves the Court for a judgment of acquittal as to Charge Two of Aggravated Assault (As a Second Degree Felony). The jury did not acquit or find Reselap guilty of this charge at trial. Reselap argues that Charge Two should be dismissed because there was insufficient evidence to sustain a conviction of guilty. (Mot. at 2, Sep. 27, 2019). The Government opposes, arguing that while the jury may have been hung on this charge, sufficient evidence was presented to the jury showing Defendant acted with recklessness and did not have any regard at all for the value of the victim's life. (Opp'n at 3, Oct. 11, 2019).

"When ruling on a motion for judgment of acquittal, the trial court is concerned with the existence or nonexistence of evidence, not its weight. . ." *Song*, 2012 Guam 21 ¶ 29. *See also Quinata*, 1999 Guam 6 ¶ 14 ("It is the responsibility of the trier of fact, and not this court, to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."). Under Guam law, "[a] person is guilty of aggravated assault if he either recklessly causes or attempts to cause serious bodily injury to another in circumstances manifesting extreme indifference to the value of human life." 9 G.C.A. § 19.20(a)(1). Here, evidence was presented indicating that Reselap initiated the conflict while holding a large machete and Defendant Reselap continued the altercation with the victim Erson Reselap, taking multiple swings at him with the machete and stabbing him, showing at minimum a reckless disregard for the value of his life. Further, Defendant Reselap continued to

fight even when he had the opportunity to flee. Mary Jane Reselap testified that she could see Erson's organs after he was stabbed with the machete and was afraid he was eviscerating. Although the jury was not able to render a verdict on this charge, the Court does not find that this alone indicates that insufficient evidence was presented, only that the jury was unable to come to a unanimous verdict. The Court finds that the evidence at trial could have led a reasonable jury to find that all elements of Aggravated Assault (As a Second Degree Felony) were satisfied beyond a reasonable doubt.

Defendant Reselap next moves the Court for a judgment of acquittal as to the remaining charges carrying the element of intent because voluntary intoxication negated such intent at the time of the offenses. (Mot. at 2, Sep. 27, 2019). Although the jury heard evidence that Reselap shared a long neck bottle of vodka with several other males at the Marine Lab, and were instructed that they may consider such evidence in deciding whether the Government proved beyond a reasonable doubt that Reselap acted with the intent required, they did not acquit Reselap of all the Terrorizing and Criminal Mischief charges. Further, the video shown to the jury showed Reselap moving with balance and speed when fighting with Erson Reselap and attacking the red vehicle, indicating that he was not sufficiently intoxicated. The Court will not disturb the jury's finding that intoxication did not negate the offenses charged. The Court finds that the evidence at trial could have led a reasonable jury to find that all elements of the Terrorizing and Criminal Mischief charges were satisfied beyond a reasonable doubt.

Lastly, Reselap moves the Court for a judgment of acquittal as to all special allegations because the Government alleged that he used either a "rock or a machete" in the commission of the underlying felony which was vague and uncertain. (Mot. at 3, Sep. 27, 2019). Reselap argues that the Government "must allege specific facts against a [d]efendant so that the accused can [properly] defend himself." *Id.* In this case, the Government pursued a sentencing enhancement under the special allegation of possession or use of a deadly weapon based on the theory that Reselap "did knowingly and unlawfully possess or use a deadly weapon, that is, a machete or a rock, in the commission of a felony" as to Charge Four of Terrorizing and Charge

Five of Criminal Mischief.[1] The Government argues that this was not vague for the jury because at trial it was clear that the only weapon Reselap "could be deemed to have used is a machete" and it "conceded in closing arguments" that Reselap never used a rock and only T.R. used rocks. (Opp'n at 4).

"It is well established that an indictment is sufficient which apprises a defendant of the crime with which he is charged so as to enable him to prepare his defense and to plead judgment of acquittal or conviction as a plea to subsequent prosecution for the same offense." *People v. Torres*, 2014 Guam 8 ¶ 20 (citation omitted). When an indictment's sufficiency is challenged following a verdict, it is only required that the necessary facts appear in any form or by fair construction within the document. An indictment which tracks the words of the statute charging the offense "is sufficient as long as the words unambiguously set forth all the elements of the offense." *Id.* (internal citations and quotation marks omitted). Here, the evidence presented at trial clearly showed that only one option of a weapon was available to convict Reselap – the machete – as all testimony regarding rocks was linked to T.R. The Court does not find that the verdicts attached to the special allegations were based on more than a single theory of prosecution, and does not find that acquittal of the special allegations is appropriate for reasons of vagueness. Accordingly, Defendant Reselap's Renewed Motion for a Judgment of Acquittal is DENIED.

## II. Defendant Rachulap's Motion for Judgment of Acquittal

Defendant Rachulap moves the Court for a judgment of acquittal, arguing that there was insufficient evidence to support guilty verdicts rendered by the jury. *See generally*, Mot., Sep. 17, 2019. Rachulap also argues that testimony at trial confirming his intoxication may have negated his intent to commit the offenses charged. *Id.* The Government opposes, arguing that evidence adduced at trial was sufficient to sustain a conviction. *See generally*, Opp'n, Sep. 24, 2019.

---

[1] The Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony attached to Charges One, Two, and Three only referenced "a machete" as the deadly weapon. (Amended Indictment at 2-3, Aug. 30, 2019).

The Court finds that there was sufficient evidence reasonably tending to prove the guilt of Rachulap. Whether or not the witnesses were credible and whether Rachulap was so intoxicated as to negate his intent was for the jurors to determine. "It is not the province of the court, in determining [a motion for judgment of acquittal], to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *Song*, 2012 Guam 21 ¶ 29 (citation omitted) (alteration in original). "When ruling on a motion for judgment of acquittal, the trial court is concerned with the existence or nonexistence of evidence, not its weight. . ." *Id.* *See also Quinata*, 1999 Guam 6 ¶ 14 ("It is the responsibility of the trier of fact, and not this court, to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."). Here, the Court finds that witness testimony and video evidence at trial provided sufficient evidence to support the guilty verdicts rendered by the jury to the offenses of Terrorizing (As a Third Degree Felony) and Criminal Mischief (As a Third Degree Felony).

Under Guam law:

> A person is guilty of terrorizing if he communicates to any person a threat to commit or cause to be committed a crime of violence dangerous to human life, against the person to whom the communication is made or another, and the natural and probable consequence of such a threat, is to place the person to whom the threat is communicated or the person threatened in reasonable fear that crime will be committed.

9 G.C.A. § 19.60(a). "[A] threat may be made non-verbally by an expression of conduct or gestures." *People v. Robert*, 2019 Guam 2 ¶ 10. At trial, Mr. Dean Sparks testified that he was on his bike when he was attacked with a machete. Although Sparks misidentified Rachulap at trial, he indicated he could only see out of one eye, and witnesses Mary Jane Reselap and T.R. both identified Rachulap as the person who attacked the bike rider with a machete. This Court will "not substitute its judgment for that of the jury." *People v. Jesus*, 2009 Guam 2 ¶ 61. It was the jury's responsibility to resolve conflicts in the testimony and to weigh the evidence presented. *Quinata*, 1999 Guam 6 ¶ 14.

A rational trier of fact could have also found the elements of Terrorizing and Criminal Mischief beyond a reasonable doubt as to Dr. Judith Gutherz. Under Guam law, a person commits criminal mischief if he intentionally damages the motor vehicle of another. 9 G.C.A. § 34.50(d). Dr. Gutherz testified that she was confident that more than one person hit her vehicle with a metallic object while she was inside it, and she identified that one person wore a red shirt to the police. Again, non-verbal communication satisfies the communication element for terrorizing and anyone within their vehicle while another strikes that vehicle with a machete would be threatened in reasonable fear that a crime of violence dangerous to human life will be committed. Therefore, the Court will not grant a judgment of acquittal as to these counts of Terrorizing and Criminal Mischief.

Although Ms. Aurora Pastrana did not personally testify at trial, the jury heard testimony from Guam Police Department Officer James Ramos and Mr. Simichi Edmund from Andy's Rent a Car who testified to the uniqueness of the damage to the vehicle and saw video evidence of Reselap striking her vehicle. Further, testimony at trial indicated a similar vehicle seen earlier on the video was not hers as the driver of that vehicle, Ms. Ha Noul Lee, testified that the earlier vehicle was her car. The Court finds that the evidence at trial could have led a reasonable jury to find that all elements of the Criminal Mischief charges as to both victims Judith Gutherz and Aurora Pastrana were satisfied beyond a reasonable doubt.

Lastly, the Court will not disturb the jury's finding that intoxication did not negate the offenses charged against Rachulap. While the possibility exists that a "different finder of fact could have reached a different conclusion," *People v. Jesus,* 2009 Guam 2 ¶ 61, in viewing the evidence in a light most favorable to the Government, the Court finds the evidence sufficient to sustain the verdicts rendered. Accordingly, the Court DENIES Defendant's Renewed Motion for Judgment of Acquittal.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant Reselap's Renewed Motion for Judgment of Acquittal and Defendant Rachulap's Renewed Motion for Judgment of

Acquittal. Sentencing is set for **DECEMBER 19, 2019** at **10:00 AM**. Sentencing memoranda shall be filed by **December 17, 2019**.

**IT IS SO ORDERED** this 10ᵗʰ day of December, 2019.

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of

A6, S. Teker,
G. Rudolph
Date 12-10-19 Time 2:30pm

Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Reselap & Rachulap*
Case No. CF0322-19
Decision and Order